COUNTY OF MACOMB *v.* CITY OF MT. CLEMENS.

1. TAXATION—HOME RULE CITY—CONSTITUTIONAL LAW.
   Home rule cities are not subject to 15-mill property tax limitation provided for in Constitution 1908, art. 10, § 21.

2. SAME—TAX RATES—ASSESSED VALUATION—EQUALIZATION.
   A home rule city has the duty to spread and collect taxes for county purposes on property valuations as equalized by State tax commission notwithstanding the rate for such purpose may be higher than the rate certified by county tax allocation board where based on assessments at value less than as equalized by State tax commission (Act No. 30, § 13, Pub. Acts 1934 [Ex. Sess.]).

3. COSTS—PUBLIC QUESTION.
   No costs are allowed in mandamus case where question presented is one of public concern.

Mandamus by County of Macomb, a municipal corporation, against City of Mount Clemens, a municipal corporation, and George Pingel, assessor, to compel the spreading and collection of a tax. Submitted April 11, 1935. (Calendar No. 38,350.) Writ granted May 11, 1935. Rehearing denied June 19, 1935.

*Roy M. McKinstry,* Prosecuting Attorney, for plaintiff.

*Bert V. Nunneley,* for defendants.

NORTH, J. The city of Mount Clemens, defendant herein, refused to levy and collect the Macomb county tax at the rate fixed by the county tax allocation board and upon an equalized assessment valuation fixed by the State tax commission. Or stated

in another way, the defendant refused to levy and collect county taxes at the rate of $3.78 per thousand on the original assessed valuation of its property, such refusal being on the ground that the county tax allocation board had fixed the maximum rate of county taxes at $3.50 per thousand. The county has brought this mandamus proceeding to compel the spreading and collection of the tax.

The city of Mount Clemens is under the home rule act, and therefore its power of taxation is not limited by the 15-mill constitutional amendment, being article 10, § 21, Constitution (1908). *School District of City of Pontiac* v. *City of Pontiac*, 262 Mich. 338. If the relator is granted the relief sought the rate of taxation imposed for operating expenses, aside from that authorized by the city charter, will not be in excess of the constitutional limitation of 15 mills.

But it is defendant's contention that since the levying of a tax on the city's assessed valuation as fixed by its local officers ($14,724,380) sufficient to meet its equalized share of the county tax will result in a levy of $3.78 on each thousand dollars of assessed valuation, such levy to the extent it exceeds the maximum rate of $3.50 per thousand fixed by the county tax allocation board would be illegal. Obviously this difficulty arises from the fact that the local officers under-assessed the city's property. On equalization by the board of supervisors the city's assessed valuation was raised to $15,294,204; and on appeal to the State tax commission it was again raised and fixed at $15,878,902. If the city's share of the county taxes were to be assessed against the city's property at its assessment valuation as finally equalized by the State tax commission, the rate would not exceed $3.50 per thousand as fixed by the

county tax allocation board. To adopt the contention of the defendant city would be to enable it to escape sharing its just proportion of State and county taxes because of having under-assessed its property. To prevent such a possibility the legislature in 1934 enacted the following statutory provision:

"Equalization of assessments. In order that maximum tax rates ordered by the board and tax levies pursuant thereto may not be invalidated by any process of equalization of assessed valuations, which would result in a total tax rate for all purposes in excess of that provided by law, adjustment of equalization of assessments shall be made as follows: * * *

"(b) If the process of county equalization of township and city assessed valuations shall result in any increase in any township or city above the tax rate previously certified to by the board, *the excess of such tax rate shall be deducted,* to the extent necessary to bring the total of all tax rates upon every individual parcel within the net limitation tax rate, *from the tax rate for township or municipal purposes.*" Act No. 30, § 13, Pub. Acts 1934 (Ex. Sess.).

This record discloses that the rates of taxation per thousand dollars of assessed valuation, as finally equalized, are: State, 72¢; county, $3.78; and schools, $8. Total, $12.50 per thousand. There is then left $2.50 per thousand within the constitutional 15-mill limitation. Hence it conclusively appears from this record that county taxes can be assessed against the city property at the rate of $3.78 per thousand and still the total of all tax rates within the city (giving effect to its charter provisions) will be within the constitutional limitation.

Under such circumstances the quoted statute clearly provides for the assessment of county taxes on the basis of final equalization of rates by the State tax commission notwithstanding it results in increasing in the city the county "tax rate previously certified to by the board."

The writ of mandamus will issue as prayed. The question presented being one of public concern, no costs will be allowed.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.